UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JOSEPH McDORMAN | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:12-1228 |
| | ] | Judge Trauger |
| SONNY WEATHERFORD, et al. | ] | |
| Defendants. | ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Sonny Weatherford, Sheriff of Sumner County; Sonya Troutt, Administrator of the Sumner County Jail; Jeff Puccini, Chief Deputy at the Sumner County Jail; three guards at the Sumner County Jail; and Emmorie Branch, a fellow inmate at the Sumner County Jail; seeking damages.

On August 8, 2012, Emmorie Branch "popped the lock on his jail cell" four times. The first three times, defendants King, Forgieone and Satterfield apprehended Branch and returned him to his cell. After Branch escaped from his cell a fourth time, he entered the plaintiff's cell and attacked him with a shank. According to the complaint, the plaintiff suffered serious bodily injury as a result of the attack.

The plaintiff states that jail policy required the defendants

to place Branch in a "padded room" after he was caught escaping from his cell. The plaintiff alleges that policy was not followed and, as a consequence, he sustained injuries in violation of his constitutional rights.

The plaintiff claims that Sheriff Weatherford, Sonya Troutt and Jeff Puccini, as supervisory personnel, are liable for his injuries under a theory of respondeat superior. Docket Entry No.1 at pg.5. The plaintiff, however, can not sue these defendants solely because of their status as supervisors or chief executive officers. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that Sheriff Weatherford, Sonya Trout or Jeff Puccini had participated, either directly or indirectly, in the events which led to the plaintiff's injuries. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). Consequently, the plaintiff has failed to state a cause of action arising under § 1983 against these defendants.

The plaintiff is suing Officers King, Forgieone and Satterfield in their official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Sumner County, the municipal entity that operates the Sumner County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Sumner County or its agent, the Sumner County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Sumner County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

Here, the plaintiff does not allege that he was injured as a result of a policy put in place by Sumner County. To the contrary, he acknowledges that the Jail had a policy requiring the placement of an offending prisoner in a "padded room", a policy designed to protect the plaintiff rather than expose him to danger. The fact

that the policy was not followed by guards at the Jail does not expose Sumner County to liability under § 1983. Consequently, the plaintiff has failed to state a claim against Officers King, Forgieone and Satterfield acting in their official capacities.

Finally, the plaintiff seeks to impose § 1983 liability on Emmorie Branch, a fellow inmate at the Jail. To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). As a prisoner, Branch was not acting under color of state law when he allegedly attacked the plaintiff. Therefore, the plaintiff has failed to state a claim for § 1983 relief against this defendant.

At best, plaintiff's allegations suggest that the defendants were negligent for failing to conform with Jail policy by placing Branch in a "padded room". Negligent conduct, though, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct that violates the Constitution.

In the absence of a constitutional violation, the plaintiff is unable to prove every element of his cause of action. Therefore,

the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                 Aleta A. Trauger
                                                 United States District Judge